IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HANG H. LAI, §<br>    PLAINTIFF, §<br> §<br>V. §<br> §<br>MICHAEL LAWRENCE GULLER, §<br>ELIZABETH MEYER EDGAR, §<br>HAPPY TRAIL USA RV, INC., §<br>TYRON CASSELL, ALIAS §<br>DEXTER CASSELL, FUN TOWN §<br>RV, INC. OWNER JARROD MCGHEE §<br>    DEFENDANTS. § | CASE NO. 3:18-CV-1121-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for recommended dispositions of *Defendant Michael Lawrence Guller's Motion to Dismiss Pursuant to Rule 12(b)(1)*, Doc. 7, and *Motion to Dismiss Pursuant to Rules 12(b)(1), (4), and (5) Filed by Tyrone Cassell and Fun Town RV Dallas, LP*, Doc. 19. Upon review of the relevant pleadings and applicable law, Defendants' motions to dismiss should be granted and this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as to all Defendants.

**I. BACKGROUND**

In May 2018, Plaintiff Hang Lai filed a *pro se* Complaint against Defendants Michael Lawrence Guller, Elizabeth Meyer Edgar, Happy Trail USA RV, Inc. ("Happy Trail"), Tyrone Cassell, Jarrod McGhee, and Fun Town RV, Inc. ("Fun Town"). Doc. 3 at 1-2. Plaintiff alleges that in July 2015, he contracted with Happy Trail to consign his RV. Doc. 3 at 3. In February

2018, Plaintiff returned to Happy Trail to recover his RV, believing that it had not sold since he had not received any sale proceeds. Doc. 3 at 4. Plaintiff learned, however, that his RV had been sold in 2016, and Happy Trail had since sold its business to Fun Town. Doc. 3 at 4-5.

Plaintiff asserts that Guller, Edgar, and Happy Trail "embezzled the money derived from [the] sale" of his RV. Doc. 3 at 6. Plaintiff further asserts that Fun Town and Cassell made false statements, obstructed justice and interfered with "legal and lawful police work." Doc. 3 at 6. He alleged violations of (1) "18 U.S. Code Chapter 31 – embezzlement and theft"; (2) "18 U.S.C. §§ 2314 and 2315 the statutory grand Larceny and Theft code"; and (3) the "Texas grand larceny Penal Code, Title VII, Chapter 31." Doc. 3 at 6.

## II. ARGUMENTS AND ANALYSIS

By their respective motions, Defendants Guller, Cassell and Fun Town argue that Plaintiff has not established either diversity or federal question jurisdiction. Doc. 7 at 1; Doc. 19 at 5-7. In response, Plaintiff argues that the Court has subject matter jurisdiction by virtue of Defendants Fun Town, Guller, and Cassell's "multi-state citizenship," and their commission of "fraud, grand larceny, and theft plus federal money laundering and wiring fraud." Doc. 11 at 2; *see also* Doc. 21 at 1-2 (alleging that Fun Town violated federal criminal statutes).

A federal district court has subject matter jurisdiction over both (1) a federal claim arising under the Constitution, federal law, or a treaty, *see* 28 U.S.C. § 1331, and (2) a case where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332. "[A] federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (internal quotation marks omitted). Moreover, "the

burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Court liberally construes Plaintiff's complaint with all possible deference due *pro se* litigants.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers").  Even under this most liberal construction, however, Plaintiff has not alleged facts that can be construed to establish federal question or diversity jurisdiction.

The Complaint plainly fails to present a federal cause of action as Plaintiff alleges only violations of state and federal criminal law.   Doc. 3 at 6.  For a private right of action to exist under a federal criminal statute there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  *Cort v. Ash*, 422 U.S. 66, 79 (1975).  No private cause of action exists under either of the federal criminal statutes on which Plaintiff relies.  *See, e.g., Boyd v. Wilmington Trust Co.*, 630 F.Supp.2d 379, 385 (D. Del. 2009) (holding that no federal private cause of action for violation of 18 U.S.C. § 2315 exists); *Cooper v. North Jersey Trust Co. of Ridgewood, N. J.*, F. Supp. 237, 243 (S.D.N.Y.1965) (stating that a violation of 18 U.S.C. § 2314, a criminal statute of general application, does not give rise to a private federal right of action) (citation omitted).

Moreover, Plaintiff fails to establish diversity jurisdiction because, as stated on the face of the Complaint, he shares the same state of citizenship as Defendants Guller and Edgar.  Doc. 3 at 1.  See *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding that a "district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.") (citation omitted).

Finally, since the Complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims, even if a private cause of action exists under the Texas Penal Code.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III. LEAVE TO AMEND

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to dismissal, but leave is not required when they have already pled their "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiff clearly demonstrate that this Court lacks subject matter jurisdiction.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, *Defendant Michael Lawrence Guller's Motion to Dismiss Pursuant to Rule 12(b)(1)*, Doc. 7, and *Motion to Dismiss Pursuant to Rules 12(b)(1), (4), and (5) Filed by Tyrone Cassell and Fun Town RV Dallas, LP*, Doc. 19, should be **GRANTED** and this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on November 7, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).